De-Ann, a Partnership, Trading as Manada Creek Mobile Home Park, Appellant *v.* East Hanover Township Board of Supervisors, Appellee.

Argued November 17, 1982, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Ronald M. Katzman, Goldberg, Evans & Katzman,* for appellant.

*Richard H. Wix, Wix, Wenger & Weidner,* for appellee.

OPINION BY JUDGE ROGERS, January 19, 1983:

The appellant, De-Ann, is a partnership which owns and operates a mobile home park located near a creek in East Hanover Township, Dauphin County. Its appeal is from a judgment entered against it, after trial by judge without a jury, of its suit in mandamus by which it sought to obtain an order requiring the township to accept as deemed approved its application for approval of preliminary plans of subdivision for an extension of its mobile home park by reason of the alleged failure of the township, to act on its application in timely fashion.

The record does not disclose how the sewage from the appellant's mobile home park is disposed of; but, whatever the means employed, it was, in 1979, malfunctioning to a degree that the State Department of Environmental Resources (DER) and the township had importuned or directed the appellant to submit plans for improved or new facilities.

On December 28, 1979, an employee of a firm of engineers and surveyors engaged by De-Ann appeared at the township office and left with the town-

ship secretary a plan and other papers. The plan was titled "topographical plan" and depicted the appellant's existing mobile home park and two other areas divided into paper lots, designated Phase II and Phase III service areas. Also depicted on the plan was the location of a proposed sewage treatment plant. The documents other than the plan left with the township secretary on that day were two completed DER forms called respectively, Component II and Component IV, Planning Module, describing a proposed facility for collecting, conveying and treating sewage at the appellant's mobile home park. The person who delivered the topographical plan and sewage facility planning modules said nothing concerning their purpose and the appellant, so far as the record shows, never thereafter provided the township with a written notice of their purpose.

On December 28, 1979, and at all times thereafter, the township subdivision regulations provided that applications for approval of preliminary plans of subdivisions should be filed with the township engineer.

In December, 1979, the appellant's land was located in a zoning district where the use of land for a mobile home park was permitted. In January, 1980 the township zoning ordinance was amended so as to place a substantial part of the appellant's lands within the flood plain zoning district in which mobile home use was forbidden.

In January, 1980, the township's subdivision regulations were amended to require for the first time that a filing fee be paid with respect to each application for approval of a preliminary plan of subdivision.

The township secretary testified that she believed that the plan and other papers left with her on De-

cember 28, 1979 were the appellant's plans for a new or improved sewage facility at the appellant's existing mobile home park which had been sought of the appellant by DER and the township authorities and that for this reason she forwarded them to a private engineering firm named Wright Associates which was acting as the township sewage enforcement agency. On February 7, 1980, Wright Associates forwarded the documents to the township engineer with a memorandum stating that "the proposed sewage facility is a sewage treatment plant and requires the technical review of the township engineer." Sometime after February 7, 1980, the township engineer told the township secretary that the materials left with her on December 28, 1979 were intended to be plans for a proposed subdivision. On February 20, 1980, the secretary logged in a book kept for such purpose the fact that the appellant had filed a preliminary plan of subdivision for an extension of its mobile home park.

On March 10, 1980, the township planning commission held its next regular meeting after February 20, 1982, reviewed the appellant's plan and rejected it because the extension was located in the township's flood plain district.

The appellant paid the township's filing fee for its application on March 24, 1980.

On April 15, 1980, the township board of supervisors reviewed and rejected the plan not only because the proposed extension was located in a flood plain zoning district, but also because the plan was not signed and verified by the developers, and other required technical features of a preliminary plan of subdivision were not provided. This action was communicated by a writing dated April 18, 1980. This writing however was technically deficient for failing

to cite the provisions of the regulations which the proposal offended.

The board of supervisors again considered the plan at its next regular meeting on May 6, 1980 and again rejected it and communicated this action by letter dated May 20, 1980, which it is conceded conformed in all respects with the legal requirements for such a communication.

Section 508 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508, requires that all applications for the approval of preliminary subdivision plans shall be acted upon by decision and communication thereof not later than ninety days following the date of the regular meeting of the governing body or planning agency, whichever first reviews the application, next following the date the application is filed; and subsection 508(3) provides that failure of the governing body or planning agency to render a decision and communicate it to the applicant within ninety days following the meeting shall be deemed an approval of the application.

As noted, the appellant sued in mandamus alleging that it had filed its application for approval of a preliminary plan of subdivision on December 28, 1979; that the first scheduled meeting of the township planning commission after that alleged filing was held January 14, 1980; and that the failure of the board of supervisors to reject the preliminary plan on or before April 13, 1980, ninety days following January 14, 1980, required its deemed approval. This complaint was never amended. After a trial at which the facts we have recited were put in evidence, the hearing judge held that the delivery to the township secretary on December 28, 1979 of the topographical plan and sewage modules was not the filing of an appli-

cation for a preliminary plan of subdivision and that the application was not properly filed until the appellant paid the required filing fee on March 24, 1980.

The appellant filed exceptions contending that the court erred in failing to hold that the appellant had filed its application on December 28, 1979, and that in the alternative the court erred in failing to hold, that even if the application was not filed on December 28, 1979, it had been filed on some later date earlier than February 11, 1980, a date on which the planning commission held a regular meeting; and that since the supervisors' valid rejection occurred on May 20, 1980 a date more than ninety days after February 11,, 1980 the plan was deemed approved.

Clearly the deposit of documents with the secretary on December 28, 1979 was ineffective as a filing of an application for approval of a subdivision. Not only was the filing made with the wrong official, the purpose of the things deposited was inscrutable. The December 28, 1979 filing of the topographical plan and sewer facilities module without express, or reasonably expressive indication, that the materials included were an application for approval of a preliminary plan of subdivision gave the secretary no reason to suppose that it was other than the expected sewer plans. It was not therefore effective to start the statute running against the township.

With respect to the appellant's contention that the trial judge should have found that the filing occurred on a date before February 11, 1980, the evidence is that until February 7, 1980 the plans were in the possession of the sewage enforcement officer; that the engineer got them on that date; that the engineer told the secretary sometime before February 20, 1980 that the plans were intended as an application for

approval of a subdivision; and that the secretary logged this fact in the township subdivision file on February 20, 1980. The secretary testified that she could not recall the date on which she learned from the engineer that the township had a plan of subdivision for consideration; but that it was her practice to log plans immediately upon receiving them. She also testified that one of the township supervisors took the plans to the county planning commission for its review required by Section 502 of the MPC on February 21, 1980. In short, there being no evidence pointing to any date prior to February 20, 1980 as that on which the plans can be said to have been filed the appellant failed to prove, as it was its burden to do, that the board of supervisors' action taken on May 20, 1980 was untimely.

Since the date of filing established on the record was not earlier than February 20, 1980[1] and the next regular meeting of the planning commission following February 20, 1980 was held March 10, 1980, the board of supervisors' action rejecting the appellant's proposal taken May 20, 1980, seventy-one days later, was timely.

Judgment affirmed.

## ORDER

AND Now, this 19th day of January, 1983, the judgment appealed from is affirmed.

---

[1] The trial court, as noted, held that there was no effective filing until the required filing fee was paid March 24, 1980. Since the December 28, 1979 so-called filing was ineffective and a filing fee was required after January 7, 1980 this conclusion is not unreasonable—except for the fact that the township formally recognized the documents as an application for subdivision approval on February 20-21, 1980. *See Township of O'Hara v. DiSilvio*, 51 Pa. Commonwealth Ct. 50, 413 A.2d 1174 (1980).